UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| BRANDI JANE ADAMS, | ) |
| | ) |
| Plaintiff, | ) Civil No. 7:19-cv-00085-GFVT |
| | ) |
| V. | ) |
| | ) **MEMORANDUM OPINION** |
| ANDREW SAUL, Acting Commissioner of | ) **&** |
| Social Security, | ) **ORDER** |
| | ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Brandi Adams is one the of the many victims of Eric Conn before the Court who wishes to appeal an administrative law judge's (ALJ's) redetermination decision that ultimately denied Plaintiff's applications for a period of disability under Title XVI of the Social Security Act. After two years, Ms. Adams sued the Social Security Administration (SSA) in this Court. The main question is whether she did so in time.

**I**

On October 11, 2017, the SSA Appeals Council denied Ms. Adam's request for review of the ALJ's redetermination decision denying Plaintiff's applications for a period of disability. [R. 12 at 1.] This denial by the Appeals Council rendered the ALJ's redetermination decision the final decision of the Commissioner. [*Id.*] In the notice, the SSA explained that Ms. Adams had sixty days from the date of receipt (presumed to be within five days of mailing) to contest the ALJ's final decision. [*Id.*] Ms. Adams filed a complaint against the Commissioner in this Court on October 8, 2019, nearly two years after she received the notice from SSA that denied her

appeal. [R. 1.] Thus, the SSA has moved to dismiss this action based on the untimely nature of the suit. [R. 12.]

Due to Eric Conn's massive fraud on the SSA, Adams was one of the many former clients who the SSA had to redertermine the entitlement of monthly benefits since fraud was involved in the application for such benefits. [R. 16 at 2]; 42 U.S.C. 405(u)(1)(A). In addition to the putative class actions brought against the SSA, hundreds of Conn's former clients brought timely individual suits challenging their redetermination decisions. [R. 16 at 2.] The Parties recognize that the final class action filed, which is *Hughes v. Colvin*, 5:16-cv-00352 (E.D. Ky. 2016) is the only class action that applies to Ms. Adams case to which she can rely upon. [*Id*.]

Plaintiff Shannon Hughes first filed this action as an individual complaint on September 13, 2016 and his case was assigned to the United States District Judge Amul Thapar. [*Id*. at 4.] About a month later, Judge Thapar issued an order in another former Conn client's case, finding the Commissioner's redetermination process in the Conn cases deficient. *See Hicks v. Colvin*, 214 F. Supp. 3d 627 (E.D. Ky. 2016). On November 2, Hughes amended his individual complaint to add another Plaintiff, Yolanda Blanton, as well as class action claims. [R. 16 at 4.] Thereafter Plaintiffs moved for class certification and the Commissioner moved to stay the case. [*Id*.] On February 21, 2017, Judge Thapar granted the Commissioner's request to stay since there were other appellate proceeding involving the same issues. [*Id*. at 4-5.] Judge Thapar also denied plaintiffs' motion to certify the class without prejudice. [*Id*. at 5.] Following the Sixth Circuit's decision in *Hicks v. Commissioner of Social Security*, 909 F.3d 786 (6th Cir. 2018), Plaintiffs moved to amend once again, adding further class claims. [*Id*.] Judge Thapar did not rule on these motions, but instead, on August 13, 2019, ordered relief for Hughes and Blanton by

2

including them in a multiple-case order directing the Commissioner to reinstate benefits pending further proceedings consistent with the Sixth Circuit's decision in *Hicks*. [*Id*.]

## II

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the Plaintiffs' complaint. In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

### A

The Commissioner's main argument is that Plaintiff's complaint should be dismissed because it is barred by the SSA's statute of limitations. [R. 12 at 4.] However, Plaintiff contends that her suit is timely because the statute of limitations should be tolled during the pendency of a series of putative class actions challenging the same redetermination process at issue in her case. [R. 13 at 1.] Plaintiff contends that, under *Hughes*, her statute of limitations was tolled through August 13, 2019 because that is when the *Hughes* case was ultimately resolved. [*Id*. at 6.] As Defendants have stated, even if Plaintiff's claim was tolled under *Hughes*, her claim is still

3

untimely since the statute of limitations began to run again after the motion to certify the class was denied by the court in February 2017.

The federal government "is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941). Congress therefore decides how, and where, people may sue federal agencies. *See City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336, 78 S. Ct. 1209, 2 L. Ed. 2d 1345 (1958). When a person wants to sue the SSA, he must follow the rules that Congress set out in the Social Security Act. That Act includes a statute of limitations. 42 U.S.C. § 405(g). So if someone wants a federal court to review a final SSA decision, he must seek review "within sixty days after the mailing to him" of a notice of the decision, or otherwise "within such further time as the [SSA] may allow." *Id.* This time limit helps "move cases to a speedy resolution in a bureaucracy [the SSA] that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986).

The SSA has interpreted the language of this rule with some leniency—in particular, that rather cacophonous phrase "after the mailing to him." 42 U.S.C. § 405(g). The SSA interprets "mailing" as the day the person *received* the notice. *See* 20 C.F.R. § 422.210(c). And because these notices travel by "snail mail," the SSA presumes that people receive them five days after the SSA sends them, unless someone can show the SSA Appeals Council otherwise. *Id.* The Sixth Circuit has consistently accepted this interpretation of the statute—and has noted the "grace period" that it provides to unsuccessful applicants, since mail often travels faster these days. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007).

*American Pipe & Construction Co. v. Utah* held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who

would have been parties had the suit been permitted to continue as a class action." 414 U.S. 538, 554 (1974). In other words, when a named plaintiff files a class action, the statute of limitations period is tolled for the individual claims of each of the other class members. That tolling extends until "class action status is denied." *Id.* Upon denial of class status, individual class members are required to take action to preserve their rights—for example, by filing an individual lawsuit—or "face the possibility that their action could become time barred," because the statute of limitations clock starts to run again. *Id.*

Tolling under *American Pipe* persists only while the class action is pending. *Id*. at 561 ("[T]he commencement of the class action in this case suspended the running of the limitation period *only* during the pendency of the motion to strip the suit of its class action character.") (emphasis added); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983) ("Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied."). And any definitive decision by the District Court to deny class status stops the tolling of the statute of limitations. "Although *American Pipe'*s holding was limited to the denial of class certification for failure to show 'the class is so numerous that joinder of all members is impracticable,'" *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003) (quoting *American Pipe*, 414 U.S. at 552-53), subsequent decisions have made clear that tolling ceases when class status is denied for any reason. *Id.* (citing *Crown, Cork & Seal Co.*, 462 U.S. at 353-54 (1983)). A district court's decision that class status should be denied, for whatever reason, places all class members on notice that they are not members of any putative or actual class. At that point "the class is no longer putative; having been subjected to a legal decision, the class is either extant or not." *Collins v. Vill. Of Palatine*., 875 F.3d 839, 845 (7th Cir. 2017) ("An uncertified class-action suit

is decidedly not a class action once all class claims have been dismissed. The statute of limitations immediately resumes.").

Caselaw from the Supreme Court and several federal appellate courts also indicates that the tolling period should cease upon denial of class certification. The plain language of *Crown, Cork* itself clearly implies that tolling is to end upon the district court's denial of class certification. The *Crown, Cork* Court wrote: "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." 462 U.S. at 354. Tolling does not extend, if after class action status is denied, a party moves for reconsideration before the district court. The Second Circuit made this clear in 2013 in *Giovanniello* v. *ALM Media, LLC*. 726 F.3d 106, 107-108 (2d Cir. 2013); *see also Collins,* 875 F.3d at 841 ("We . . . adopt a simple and uniform rule: Tolling stops immediately when a class-action suit is dismissed—with or without prejudice—before the class is certified.").

**1**

In sum, the limitations period recommenced when the district court denied the class certification, which dismissed Plaintiff from the *Hughes* class action. The Court now turns to whether Ms. Adams complied with the applicable statute of limitations when she filed this suit.

As previously mentioned, Section 205(g) requires that civil actions on claims arising under Title II or Title XVI be commenced within sixty days after date of receipt of the Appeals Council's notice of denial for review. 42 U.S.C. § 405(g); 20 C.F.R. §§ 416.1401, 422.210(c). The date of the receipt is presumed to be five days after the date of such notice, so therefore an individual has sixty-five days after receiving the notice to file a civil action. 20 C.F.R §§ 416.1401, 422.210(c). The Appeals Council's notice that rendered the Commissioner's final

decision was dated October 11, 2017.  [R. 12 at 4.]  Originally, Adams' statute of limitations to commence a civil action in regard to the SSA's final decision ended on December 15, 2017 (60 days from date of notice plus 5 days for mailing).  Plaintiff's complaint was not filed until October 8, 2019, nearly two years later.  [R. 1.]  Therefore, it is clear that the statute of limitations ran out from the time Ms. Adams received the notice.

Further, Ms. Adams is correct that the statute of limitations was tolled when the *Hughes* individual complaint was amended to include class claims on November 2, 2016.  [R. 13 at 3.]  However, Adams' statute of limitations resumed once again when the district court denied the motion for class certification on February 21, 2017, which was before Adams' claim even became ripe for review.  Once the class was dismissed, *American Pipe's* tolling rule no longer controlled.  The statute of limitations for Adams' claim immediately resumed.  However, since the class was denied before her claim became ripe, Adams' sixty-five day time period to file after the Appeals Council's October 11, 2017 denial of review still ended on December 15, 2017.  Therefore, since Adams did not bring her claim to this Court until October 8, 2019, the statute of limitations had run and the complaint should be dismissed as untimely.

### III

The limitations clock on Adams' claim resumed when the Hughes class action ceased to exist after the class certification was denied.  Therefore, Adams' claim is time-barred.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that the Commissioner's Motion to Dismiss **[R. 12]** is **GRANTED**.  Judgment in favor of the Commissioner will be entered promptly.

This the 9th day of April, 2020.

Gregory F. Van Tatenhove
United States District Judge